IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Tyrone V. Middleton, ) | |
| ) | Civil Action No. 3:06-0755-JFA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| City of Columbia Parking Services ) | |
| and City of Columbia, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment. In his complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendants failed to hire him for the position of Parking Meter Monitor because of his past criminal conviction, his past alcohol and drug abuse, and his age.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On November 29, 2006, the defendants filed a motion for summary judgment. By order filed on December 1, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 3, 2007, the plaintiff filed his opposition to the motion.

**FACTS PRESENTED**

On May 28, 2005, the plaintiff submitted an application to the City of Columbia for the position of Parking Meter Monitor. As a part of the application, he was asked to

provide information regarding any criminal convictions. In response to this question, the plaintiff revealed that he "enrolled in PTI program poss. banned substance." The plaintiff indicated that the arresting authority was the City of Columbia Police Department and the disposition was "did not finish P.T.I. program" (def. m.s.j., ex. A). Like all other applicants, the plaintiff's information was screened by the City of Columbia Human Resources Department. Seventy-four applications, including the plaintiff's, were identified as "qualified" and provided to the Parking Services Division for review. The plaintiff was not interviewed for the position. Instead, two other applicants were interviewed and selected for employment (Gilliam aff., def. m.s.j., ex. B). The plaintiff contends that the City was obligated to offer him a job interview and that its failure to do so is a violation of due process.

On June 16, 2005, Rodney Wingard, Sr., Assistant Parking Services Supervisor, generated a letter informing the plaintiff and 71 other applicants that they had not been selected for employment. In response to this letter, the plaintiff filed a charge with the South Carolina Human Affairs Commission alleging age discrimination. The City responded to this charge by providing information that of the two individuals selected, one was 49 years of age. The City also indicated that the age of applicants was not contained in the material provided for review by the Parking Services Division (def. m.s.j., ex. C). The only reference to age was in a reporting form maintained by the Human Resources Department and which was not provided to the Parking Services Division (def. m.s.j., ex. D). In responding to the plaintiff's charge, the City noted the criminal conviction information on his application (def. m.s.j., ex. D). According to the plaintiff's deposition testimony, he considers this statement to be evidence of discrimination on the basis of perceived disability, alcohol and drug addiction. The plaintiff concedes, however, that his application did not reveal the nature of his possession charge (crack cocaine), the date of the charge, or the date of its disposition (pl. dep. 58-60, 67). In his deposition, the plaintiff indicated that

2

he pleaded guilty to possession of crack cocaine in 2000, failed to complete Pre-Trial Intervention ("PTI"), and was under a bench warrant for his arrest until 2003. Upon arrest, he served 60 days in jail (pl. dep. 26-30). None of this information was contained on his employment application.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must

demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The plaintiff's application was sent to the Parking Services Division for consideration with 73 other applications. The plaintiff contends that he has a legally enforceable right to be interviewed for any position for which he is deemed "qualified." To establish a cause of action for violation of due process, an individual must identify a "property interest" protected by law or established by contract. *See generally, Pittman v. Wilson County*, 839 F.2d 225, 227 (4th Cir. 1988) (citing *Bishop v. Wood*, 426 U.S. 341, 344 (1976)). Due process claims are generally subjected to a two-part analysis: (1) is the

asserted interest protected by the due process clause, and, if so, (2) what process is due? *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).  In *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), the Supreme Court wrote, "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  The possession of a protected life, liberty, or property interest is a condition precedent to the government's obligation to provide due process, and where no such interest exists, there can be no due process violation.

There is nothing in the application submitted by the plaintiff or in any City policy or state law that requires interviews for job applicants.  The plaintiff offers no authority for his claim and can offer no evidence that he was treated any differently than the other applicants who were not selected for interviews.  The City does not offer interviews to all "qualified" applicants and encourages interviews only for the most serious candidates (Jacques Gilliam aff., def. m.s.j., ex. B).  Based upon the foregoing, the plaintiff's due process claim must fail.  *Knight v. Vernon*, 214 F.3d 544, 553 (4th Cir. 2000) (affirming grant of summary judgment on due process claim).

The plaintiff also alleges a claim under the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA").  The essence of this claim is that the City falsely regarded the plaintiff as having a disability based upon drug or alcohol addiction and, because of this, denied him an interview for the position of Parking Meter Monitor.  The plaintiff does not allege that he was better qualified than the individuals selected for the position.

To prevail in his disparate treatment disability claim, the plaintiff must demonstrate that he would have been hired but for a false perception that he suffers from a disability.  *Raytheon Co. v. Hernandez*, 540 U.S. 44, 50 (2003).  He cannot satisfy this

5

requirement. The plaintiff believes that he was denied an interview because someone suspected that he was currently using drugs (pl. dep. 66). He concedes, however, that his application does not reveal any addiction, does not identify the nature of the possession charge, and does not provide a date for his arrest or conviction (pl. dep. 58- 60, 67). The plaintiff also concedes that he does not know the qualifications of any other applicant, does not know the number of applicants interviewed, and does not know whether other applicants had criminal records (pl. dep. 42, 65).

Read in a light most favorable to the plaintiff, the record fails to present a *prima facie* case of disability discrimination. Even the plaintiff concedes that he has no evidence that anyone at the City perceived him to be a drug addict or alcoholic. The fact that his criminal conduct was not a disqualifying factor is conceded in the complaint, which acknowledges that his application was sent forward for consideration by the Parking Services Division. The City could have legitimately disqualified the plaintiff from further consideration for the position of Parking Meter Monitor based upon his incomplete application and failure to satisfy the requirements of PTI. Sending the plaintiff's application forward to the Parking Services Division did not create any right to be interviewed or to be employed by the City. Conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross*, 759 F.2d at 365.

Finally, to the extent the plaintiff claims that the defendants discriminated against him because of his age, the claim fails. The evidence before the court shows that the ages of the applicants were not contained in the materials provided for review by the Parking Services Division. Furthermore, of the two individuals selected for the positions, one was 49 years of age (def. m.s.j., ex. C). The plaintiff has come forward with absolutely no evidence of age discrimination.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based on the foregoing, it is recommended that the defendants' motion for summary judgment be granted.

s/William M. Catoe<br>
United States Magistrate Judge

February 20, 2007

Greenville, South Carolina