IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Tyrone V. Middleton,                    ) | C/A No. 3:06-0755-JFA-WMC |
| )  | |
| Plaintiff,             ) | |
| v.                                              ) | **ORDER** |
| ) | |
| City of Columbia Parking Services   ) | |
| and City of Columbia,                   ) | |
| Defendants.         ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff, Tyrone Middelton, initiated this action against the defendants on

1

March 10, 2006. In his complaint, plaintiff stated that he had submitted a job application with the defendants for the position as a parking meter monitor. On his application, plaintiff stated that he was "enrolled in PTI[1] program poss. banned substance." Plaintiff also revealed in his application that he "did not finish P.T.I. program."

While defendants considered plaintiff [from a group of 73 other applicants] "qualified" for the parking meter monitor position, defendants ultimately decided not to interview or hire plaintiff for the job. Instead, defendants hired two other individuals. After not being selected for employment, plaintiff claimed that defendants deprived him of his due process rights for failing to interview him for the position (due process violation). Plaintiff also apparently alleged that defendants did not hire him because of his age (age discrimination). Finally, plaintiff asserted that he was not hired because defendants wrongfully believed he suffered from a drug or alcohol disability. (ADA[2] discrimination).

The defendants, City of Columbia Parking Services and the City of Columbia, timely filed an answer on April 17, 2006 denying all of plaintiff's allegations. On November 29, 2006, defendants moved for summary judgment on all of plaintiff's claims. In their motion, defendants asserted that plaintiff's due process claim must fail because plaintiff failed to establish that his denial of a job interview from the city of Columbia involved a life, liberty, or property interest. See Knight v. Vernon, 214 F.3d 544, 553 (4th Cir. 2000). Additionally, defendants argued that plaintiff's ADA claim was without merit because there was no

---

[1] PTI is a pre-trial intervention program.

[2] American with Disabilities Act, 42 U.S.C. §12101 et seq.

evidence demonstrating that defendants even perceived plaintiff as being under the influence of drugs or alcohol. Finally, defendants claimed that they were entitled to summary judgment on any potential claim for age discrimination because any material provided to the city of Columbia's Parking Department concerning plaintiff's job application did not include any age information about plaintiff. Moreover, defendants state that one of the individuals selected for employment was 48 years old.[3]

In a detailed and comprehensive Report and Recommendation filed with the court on February 20, 2007, the Magistrate Judge recommended that defendants' motion for summary judgment be granted.

The parties were advised of their rights to file objections to the Report. Plaintiff filed his objections to the Report on March 12, 2007, repeating the same arguments made earlier in this matter and considered by the Magistrate Judge in his Report.

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the Report and Recommendation of the Magistrate Judge, together with the plaintiff's objections thereto, and finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

---

[3]The Report and defendants' motion for summary judgment indicates that one of the individuals hired for the parking meter monitor position was 49 years old. However, upon reviewing the discovery, it appears that one of the hired individuals was actually 48 years old. See Letter to Delaine A. Frierson from Defs' counsel dated July 25, 2005.

3

It is therefore ordered that defendants' motion for summary judgment is hereby granted. The plaintiff's objections are overruled, and the Report and Recommendation, as modified herein, is incorporated by reference and adopted as the order of this court.

IT IS SO ORDERED.

March 14, 2007                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge